■ SHIRLEY M. W. KERFEIN, Respondent, v. DOMINIC BRUNO, Doing Business as THREE RIVERS INN, Appellant.— Judgment unanimously reversed on the law and facts and in the interest of justice, without costs of this appeal to either party, and a new trial granted. Memorandum: The crucial question of fact in these appeals is whether defendant-appellant served intoxicating liquor to the deceased husband and father of the plaintiffs-respondents. This presented a very close issue which was substantially bolstered by the testimony of a witness Chetney who was offered as a rebuttal witness by respondents. All of the parties had closed their proof when respondents offered this witness in rebuttal. No application had been made to reopen and appellant's attorney made three efforts to exclude this testimony on the ground that it was part of respondents' direct case and not proper rebuttal testimony. The court overruled all objections and permitted the witness to testify. Her testimony was extremely damaging to the appellant's case for she unequivocally stated that the decedent was drunk and was served beer which he purchased from the bartender. The witness admitted that she had known the Waterhouses for some time and that decedent and her husband had social and business relations over some period of time. The families were in fact so friendly that when decedent did not return home on the night of his death, Mrs. Waterhouse walked to the Chetney home and asked the witness if she knew where decedent was. No explanation was given as to why the witness was not offered upon respondents' direct case. The fact that decedent was served was the principal element of proof in respondents' cases and was clearly direct and not rebuttal testimony. Upon appellant's motion to set aside the verdicts a certificate of conviction showing that the witness Chetney had been convicted of a felony was presented to the court. Appellant urged, in our judgment with good reason, that this seriously damaged the credibility of the witness and that offering her as a rebuttal witness just before the case was submitted to the jury denied him the opportunity of presenting to the jury her credibility as a formidable issue. If the witness had been called on direct, as she should have been, defense counsel would have had time to investigate the character of the witness. The question of whether Waterhouse had been served had only been established inferentially and by circumstantial evidence when respondents rested. The rebuttal witness'

testimony was the most persuasive part of respondents' cases. It was not proof of an affirmative defense and was not offered for the purpose of discrediting other witnesses. This was direct proof and not proper rebuttal testimony (*Marshall* v. *Davies*, 78 N. Y. 414; 6 Wigmore, Evidence [3d ed.], § 1873). Although, in the exercise of discretion, the trial court has substantial latitude in determining the order of receiving testimony, under the facts in this record permitting the witness Chetney to testify in rebuttal was an improvident exercise of discretion (see *Seguin* v. *Berg*, 260 App. Div. 284, 286; Richardson, Evidence [9th ed.], pp. 481–482). The interests of justice require that a new trial be had. (Appeal from a judgment of Oswego Trial Term in favor of plaintiff in an action under section 16 of the Civil Rights Law.) Present — Bastow, J. P., Goldman, Henry, Noonan and Del Vecchio, JJ.