J. George Follett, J.
At the 1973 session of the New York State Legislature a new subdivision was added to section 384 of the Social Services Law.[1] The amendment adding subdivision 7 provides a procedure for granting custody of a child to an authorized agency for the purpose of adoption when the parent is unable to provide care for the child by reason of mental illness. Various safeguards were written into the subdivision in order to make certain that the rights of all parties are adequately protected. Among such provisions is paragraph (f) which requires: "In every case the judge shall cause the parent to be examined by, and shall take the testimony of, a psychiatrist, appointed by the court pursuant to section thirty-five of the judiciary law and, if the court maintains a psychiatric clinic, a psychiatrist of the staff of such clinic. The parent and the authorized agency shall have the right to submit other psychiatric evidence.”
In the case now before this court, due arrangements were *822 made by the clerk of the court for an examination by a court-appointed psychiatrist in advance of the trial date. On the date set for trial, the court-appointed psychiatrist was present and prepared to testify. His testimony was taken with consent of counsel before any evidence had been submitted in behalf of the petitioner. His testimony standing alone provides "clear and convincing proof’[2] that each parent has "a mental disease or mental condition which is manifested by a disorder or disturbance in behavior, feeling, thinking, or judgment to such an extent that if such child were placed in or returned to the custody of the parent, the child’s physical, mental or emotional wellbeing would be endangered.”[3]
On the adjourned date, the petitioner’s only proof on the question of mental illness was the introduction of the case record of each parent at the St. Lawrence Psychiatric Center in Ogdensburg, New York. The case record as to the father adequately makes out a prima facie case of mental illness as defined by the statute. However, in regard to the mother, the latest psychiatric treatment and evaluation dates back to 1969. Clearly, the prima facie case as to her is deficient in that there was no proof offered of her present and anticipated mental condition. At this point, the attorney for the respondent mother moved to dismiss the petition as to his client for failure of proof. The petitioner then argued that when its evidence is considered along with the testimony of the court-appointed psychiatrist, a prima facie case is made out under the statute. The respondent replies that the petitioner should not be permitted to bolster its weak and inadequate case by the testimony of the court-appointed psychiatrist; and since it has failed to make out a prima facie case, the petition is subject to dismissal.[4]
Typically a party is required to introduce all the evidence ' he wishes to rely upon at his turn to present evidence; and, if the party with the affirmative fails to make out a prima facie case, then the petition or complaint is subject to dismissal.[5]
However, it appears that the Legislature, intentionally or otherwise, has created an exception in this type of proceeding. A review of the legislative history reveals that the Legislature intended that the court have the benefit of an independent *823 psychiatric appraisal.[6] The rationale of the respondent, if followed to its logical conclusion, would preclude the court from considering the evidence of the court-appointed psychiatrist as is required by the statute.
Furthermore, a distinction should be noted between cases at law and cases in equity, particularly those described in section 35 of the Judiciary Law. The determination of questions of mental condition is often fraught with considerable controversy in which strict adherence to procedural rules may impinge upon the court’s equitable function.[7] Both section 35 of the Judiciary Law and the provisions of paragraph (f) of subdivision 7 of section 384 of the Social Services Law countenance the need for departure from those rules when independent psychiatric proof is required.[8] Also, if the positions were reversed, it would be illogical to deny the petitioner the benefit of a report from the court-appointed psychiatrist favorable to it and yet permit the respondent to benefit from a report favorable to his side of the case. The fact that the same subdivision gives both the parent and the authorized agency the privilege of submitting psychiatric evidence in their behalf does not require them to do so. Presumably, either party may rely in whole or in part upon the evaluation of the court-appointed psychiatrist if they so choose.
Even though this decision has the result of effectively completing the petitioner’s case, it should not be relied upon by the petitioner as an excuse for inadequate pleading, incomplete preparation or failure to introduce all of the evidence which it intends to rely upon to prove its case. In order to safeguard the rights of the children as well as the parents, the statute clearly envisions a detailed inquiry into the state of mental health of the parent. Sole reliance upon the report of the court-appointed psychiatrist may leave the court with an inadequate basis for determining the critical issues presented in this type of proceeding.[9]
*824 For the foregoing reasons the application of the respondent’s mother to dismiss the petition as to her at the close of the petitioner’s evidence must be denied.

. L 1973, ch 863.

. Social Services Law, § 384, subd 7, par (c).

. Social Services Law, § 384, subd 7, par (b).

. Cf. Kerfein v Bruno (23 AD2d 961).

. CPLR 4401; 8 Carmody-Wait (2d ed), NY Practice, §§ 56:104-56:106.

. The memorandum in support of the bill in the Senate provides in part as follows:
"In order to assure that the court will have the benefit, in the commitment proceeding, of impartial psychiatric testimony, Paragraph (f) of the proposed Subdivision 7 provides that there shall be testimony of a psychiatrist appointed by the court and, if the court maintains a psychiatric clinic, also by a psychiatrist on the staff of such clinic. Both the parent and the authorized agency have the right to submit other psychiatric evidence.”

. People ex rel. Butler v McNeill (30 Misc 2d 722, 728).

. People ex rel. Sweeting v Johnston (26 AD2d 685).

. People ex rel. Sweeting v Johnston (supra).