## (May 17, 1984)

■ THEODORA CORSELL, Appellant, v PETER CORSELL, Respondent. — Judgment, Supreme Court, New York County (Louis Grossman, J.), entered February 22, 1983, which, *inter alia,* (1) granted appellant wife a divorce from respondent husband on grounds of cruelty; (2) granted the wife custody of the infant child with certain visitation rights to the husband, including overnight visitation on the last weekend of each month; (3) granted the wife an allowance of $200 per week for her support and maintenance and for that of the infant child; (4) ordered that the husband pay off, within 90 days, arrears of such maintenance and support, without determining the amount of such arrears; and (5) permitted the husband to sell his wholly owned cooperative apartment in Manhattan, occupied by the wife and child, and should such sale occur, required the husband to pay the wife $800 monthly for an apartment for herself and the child, unanimously modified, on the law and the facts and in the exercise of discretion, to (1) increase maintenance to $300 per week; (2) direct the husband to maintain Blue Cross and major medical insurance coverage for the child; and (3) strike the provision fixing $800 per month rent allowance upon the sale of the cooperative apartment, without prejudice to an application by the wife at that time to fix a rental allowance, with defendant to continue to maintain the apartment until its sale, and without prejudice to such action respecting visitation as may be taken by Mr. Justice Martin Evans before whom a postjudgment application for modification was made and was *sub judice* before such Justice at the time of the argument of the appeal, and the judgment is otherwise affirmed, without costs. ¶ The parties were married on June 30, 1976. Each of the parties had been previously married. Plaintiff had no children from her prior marriage, but defendant had three grown daughters of his prior marriage. Plaintiff and defendant had a son, Peter Luca, born December 5, 1977, the only child of the marriage. ¶ This divorce action was commenced in late August, 1979 after the parties were married for three years. The judgment appealed from was entered after a lengthy and stormy trial. ¶ Plaintiff throughout vigorously opposed the visitation rights granted to the defendant. She now seeks modification of the provisions granting defendant unsupervised visitation on an overnight basis. ¶ Subsequent to the entry of judgment, plaintiff moved for an order terminating defendant's

visitation, rights, which were temporarily suspended by a Supreme Court order, modified by this court, so as to permit defendant's supervised visitation every other weekend. We are informed that since our order an application for modification was made to Justice Evans and was *sub judice* at the time of the argument of this appeal. ¶ It is well settled that the question of a child's best interest, the foremost consideration in matters of custody and visitation, is within the discretion of the trial court whose determination will not be set aside unless it lacks a sound and substantial evidentiary basis (*Giraldo v Giraldo*, 85 AD2d 164). The trial court is the best judge of the credibility of the witnesses (*Matter of Irene O.*, 38 NY2d 776). The trial court may also interview the child when necessary or, if helpful, it may obtain independent evidence to assist in the determination of custody and visitation (*Barnett v Barnett*, 80 AD2d 717). The Trial Judge did so. ¶ A panel of three psychiatrists, one of whom was called by the plaintiff, another called by the defendant, and a third appointed by the court, convened and issued a joint report. The panel unanimously recommended that generous visitation be granted the husband. The court also heard the testimony of approximately 10 other witnesses who had acted as chaperones during the father's visitation with his son. They all testified to the satisfactory nature of the visitation. The plaintiff called other witnesses, who testified somewhat to the contrary. However, no reason appears why the trial court's determination, on the evidence before him, affording the husband certain unsupervised visitation with his son, should be interfered with. ¶ Accordingly, we affirm that portion of the judgment without prejudice to such determination as may be made by Justice Evans on the postjudgment application now pending before him. ¶ The judgment provided that the husband pay the wife the sum of $200 per week for her support and that of the child. This is a pre-equitable distribution case covered by part A of section 236 of the Domestic Relations Law. It is well settled under the pertinent law that an award of child support and alimony is a matter within the trial court's discretion based upon evidence of the financial condition of the parties. To the extent possible, a divorced wife is entitled to sufficient income to maintain the style of living enjoyed prior to the divorce (*Hickland v Hickland*, 39 NY2d 1, cert den 429 US 941). In making such award, the court should consider such factors as the length of the marriage, the wife's ability for self-support, the economic burden on the husband, the wife's diminution in earning capacity by reason of the marriage, the wife's contribution to the husband's career, and the age, health and needs of the parties (*Finder v Finder*, 65 AD2d 536). In our view, Special Term's award of $200 per week in alimony and child support was too low. ¶ Plaintiff was 27 years of age at the time of the marriage and is now 33. Defendant was 55 years of age at the time of the marriage and is now almost 62. Plaintiff is a City College graduate with an associate teaching degree and was earning approximately $12,000 per year at the time of the marriage. Defendant is the president of Peter Corsell Associates, where he is a waterproofing and tunnel expert. His earnings, as reported on his income tax returns for the years 1979, 1980 and 1981, show $112,300, $130,200, and $65,000. He pays $156.66 per week to his former wife. ¶ The parties' joint income tax return for 1978, the last full year of the marriage, showed a joint wage income of $139,357. Plaintiff contends that although she earned $12,000 per year prior to her marriage, she is unable to work full time regularly and earn any real income currently because of the needs of the parties' six-year-old son who is allegedly emotionally disturbed. We note a sharp drop in defendant's reported income for the year immediately preceding the trial and the accountant's testimony that the defendant borrowed money from the corporation, which loans were carried from year to year and subsequently charged to defendant's salary account. ¶ In our view, the

award for alimony and child support should be increased from $200 per week to $300 per week, and we direct that the judgment be so modified. ¶ The trial court also directed that the defendant pay the sum of $800 per month as an apartment allowance to the plaintiff upon a sale of the defendant's wholly owned cooperative, in which the wife and infant child reside. In our view, it would be more appropriate that that portion of the judgment be modified by striking the provision without prejudice to an application to the court at the time of any sale of the apartment. The court will then be in a better position to determine the amount to which the plaintiff will be entitled as a rent allowance. ¶ It is for these reasons that defendant is being directed to continue the maintenance of said apartment until its sale and to provide Blue Cross and major medical insurance for the benefit of the infant child of the marriage. ¶ We find no reason to interfere with any other portion of the judgment appealed from, and accordingly direct that it be modified only to the extent indicated, and otherwise affirmed, without costs, and without prejudice to such applications as either party may be disposed to make with respect to postjudgment events. Concur — Kupferman, J. P., Ross, Silverman, Milonas and Fein, JJ.