■ SHARI SHINK, Respondent-Appellant, v CRAIG SHINK, Appellant-Respondent.

Under the circumstances of this case, we find that the court's granting of visitation for the limited period of two hours per week from 2:00 to 4:00 P.M. each Sunday denies the defendant and his infant daughter, who was over two years old at the conclusion of the trial, sufficient opportunity for meaningful interaction. The trial court also erred in refusing the defendant's request for overnight visitation. The record is devoid of any evidence supporting the imposition of such restrictive visitation rights. Accordingly the defendant should be granted unsupervised visitation away from the marital home on the first weekend of each month from 7:00 P.M. Friday to 7:00 P.M. Sunday. In addition, we find that the defendant should be granted visitation on the third Sunday of each month from 10:00 A.M. to 7:00 P.M. The court's award of visitation rights on Rosh Hashanah and Succoth shall remain the same. We, however, agree with the trial court that mid-week visitation would not be appropriate at this time.

We also find that under the circumstances of this case the award of maintenance for an unlimited duration should be modified. The plaintiff and the defendant were married for a relatively short duration, i.e., four years. The 31-year-old plaintiff holds a degree in fashion merchandising and was employed in this field during part of the marriage. We note that when asked by the trial court if she would again be able to obtain employment in this field, the plaintiff responded "I am sure if I tried". Accordingly, we find that it is appropriate to limit the duration of defendant's obligation to pay mainte-nance to a period of five years (see, Sorrentino v Sorrentino, 116 AD2d 564).

We have reviewed the financial status of the parties and

find that the award of maintenance should be in the amount of $150 per week. In addition, we find that the defendant, who is employed, should be directed to maintain a health insurance policy for the benefit of the plaintiff *(see, Schussler v Schussler,* 109 AD2d 875, 877).

The trial court awarded child support in the sum of $50 per week to be increased to $100 per week when the child attains the age of seven years. We find this provision which allows for a modification of the defendant's child support obligation at a future time without a reconsideration of the circumstances extant at that time, to be improper *(see, Majauskas v Majauskas,* 61 NY2d 481, 494-495; *Bizzaro v Bizzaro,* 106 AD2d 690; *Lesman v Lesman,* 88 AD2d 153). Therefore based upon the needs of the infant child and the financial ability of the defendant to meet such needs, we find that the defendant's child support obligation should be in the amount of $150 per week until the child of the marriage attains the age of 21 or is sooner emancipated. In addition, we find that the trial court properly directed the defendant to pay the child's prior medical bills.

We further find that the defendant should be directed to pay one half of the outstanding balance on the plaintiff's Visa credit card debt existing at the time of the judgment. We note that at trial there was testimony that that debt relates to a trip taken by both the plaintiff and the defendant as well as for clothing purchased for the infant child. The defendant's obligation to pay one half of the outstanding Visa balance at the time of judgment shall, however, not exceed the amount of $500.

The plaintiff concedes that the bedroom set was purchased by the defendant with his own funds prior to the marriage. Accordingly, the trial court erred in awarding this separate property to the plaintiff *(see,* Domestic Relations Law § 236 [B] [d] [1]).

We have examined the parties' remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.