■ In the Matter of MELANIE UNCLE, Respondent, v MARK UNCLE, Appellant.—Levine, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered May 23, 1988, which granted petitioner's application, in a proceeding pursuant to Domestic Relations Law article 5-A, for custody of Michael Uncle.

Petitioner and respondent, the mother and father of the infant who is the subject of this custody and visitation proceeding, were married in April 1986 in New Jersey. The following month, they moved to the home of petitioner's parents in St. Lawrence County. The child was born December 4, 1986. On about January 10, 1987, they relocated to Millville, New Jersey, at least a 10-hour drive from petitioner's parents' residence. Petitioner moved back with her parents, taking the child with her, in early March 1987. Respondent initiated a custody proceeding in the New Jersey Superior Court in April 1987. Petitioner brought a similar proceeding in the Family Court of St. Lawrence County, about a month later, apparently without knowledge of the pending New Jersey proceeding.

Upon hearing of the parallel New Jersey proceeding, Family Court communicated by telephone with the New Jersey Superior Court, in accordance with Domestic Relations Law § 75-g (3), and an agreement was reached that Family Court was the more appropriate forum. In June 1987, Family Court granted temporary custody to petitioner, subject to respondent's visitation at petitioner's residence.

The matter was ultimately adjourned for a hearing on April 7, 1988. On that date, the parties initially stipulated that petitioner would be awarded permanent custody, and a hearing on the issue of visitation was held at which the parties and petitioner's mother testified and reports of custody inves-

tigations by the Probation Department of St. Lawrence County and Cumberland County, New Jersey (respondent's county of residence), were received in evidence. Subsequent to the hearing, Family Court fixed visitation on a graduated basis, commencing with Saturday and Sunday visitations one weekend per month and seven-day visitation during the summer of 1988, all at petitioner's residence, then visitation outside of petitioner's home beginning in the summer of 1989 and, finally, in succeeding years, increasingly extended visitation at respondent's residence in New Jersey during the summer and school vacations and holidays. This appeal by respondent ensued.

Respondent's first argument for reversal is that Family Court improperly accepted jurisdiction over this custody dispute without affording him an opportunity to be heard on the issue of whether it or the New Jersey Superior Court was the appropriate forum. Although there may be merit to the proposition that notice and an opportunity to submit relevant proof on the venue issue was required (see, Domestic Relations Law § 75-e; *Gellman v Kay,* 107 AD2d 796, 797), respondent, in stipulating to an order granting petitioner permanent custody, necessarily consented to Family Court's exercise of jurisdiction. Consequently, having also failed to move to vacate the stipulation, respondent was not an aggrieved party as to this issue and is foreclosed from raising it on appeal (see, CPLR 5511; *Hatsis v Hatsis,* 122 AD2d 111; *Tongue v Tongue,* 97 AD2d 638, *affd* 61 NY2d 809; *Matter of Araujo v Araujo,* 38 AD2d 537).

Alternatively, respondent attacks the order of visitation as being unsupported by adequate findings and unduly restrictive of his and his child's rights to meaningful access to each other. We disagree. In its bench decision, Family Court alluded to respondent's long lack of any contact with the child, at least part of which was respondent's fault in failing to take advantage of the prior temporary order of visitation, and his inexperience and inadequate knowledge about caring for an infant who, at the time of the hearing, was only 16 months old. These findings, in our view, are amply supported by the record and sufficient to require us to uphold Family Court's exercise of discretion in fixing a visitation schedule (see, *Corsell v Corsell,* 101 AD2d 766, 767). Given the child's virtually total unfamiliarity with respondent, the distance between the parties' homes and respondent's six-day-per-week work schedule, the initially restrictive but gradually increasing visitation awarded was clearly a reasonable determination.

Order affirmed, without costs. Kane, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.