■ MICHAEL PARROTTA, Respondent, v J.F. HARTFIELD & CO. et al., Appellants.—Judgment, Supreme Court, New York County (Sondra Miller, J.), entered on or about November 3, 1988, which granted plaintiff judgment in the amount of $52,884.61 plus interest, is unanimously affirmed, with costs.

The controversy arises out of an oral employment contract between plaintiff and defendants. In March of 1983, plaintiff had several meetings and conversations with Paul Mathews, who was contemplating the formation of a currency brokerage firm. Mathews informed plaintiff that J.F. Hartfield & Co. (Hartfield), a municipal bond brokerage firm, in hopes of diversifying its operations, was ready to fund and supply office space for a new currency brokerage firm at Hartfield. Eventually a meeting occurred at Hartfield where plaintiff was introduced to the directors/officers of Hartfield and details of an employment agreement with plaintiff were discussed. While there is no evidence of the date of the meeting, it is clear that it took place in March 1983. It was determined that plaintiff was to receive 10% of the new corporate stock, 10% of the profits and a written employment contract. The terms of plaintiff's salary were discussed but left open for further negotiations. When plaintiff's former employer learned of plaintiff's negotiations with Hartfield, plaintiff was fired. On that date, plaintiff phoned Mathews to discuss his potential

employment and a salary was finally agreed upon. Plaintiff specifically remembers that the date of the phone conversation was April 1, 1983, Good Friday, and that this employment contract was to run for a year, until March 31, 1984. Plaintiff commenced work on April 11, 1983 and was fired on October 28, 1983. The new company, Hartfield Mathews Incorporated (HMI), was incorporated on April 4, 1983, but was not successful and was eventually dissolved.

The action seeks damages for breach of an oral employment contract, and is opposed by defendants on the ground that it is barred by the Statute of Frauds, and also on the ground that Hartfield was not a party to the alleged contract, both of which grounds were rejected by the trial court.

Defendants urge that the trial court erred in determining that the oral employment contract was entered into on April 1, 1983 and thus not barred by the Statute of Frauds. As is well established, determinations based on matters of credibility by a trial court should not be disturbed unless such determinations could not have been reached under any fair interpretation of the evidence (see, Corsell v Corsell, 101 AD2d 766). While there were various discrepancies in the several depositions before trial and plaintiff's trial testimony, the discrepancies do not warrant rejection of plaintiff's trial testimony that complete agreement on all terms of the employment was reached on April 1, 1983, during the phone conversation when his salary was agreed upon. Moreover, defendants have not presented any independent evidence of the date of the agreement. Accordingly, the trial court's determination that the employment agreement was entered into on April 1, 1983 was proper as it was based on a reasonable interpretation of the evidence. As the oral contract was thus able to be performed within one year from its making, it was not barred by the Statute of Frauds (General Obligations Law § 5-701 [a] [1]).

The trial court properly excluded from evidence the personnel records from plaintiff's prior employment since the witness did not become a custodian of the records until several years after the events transpired, had no conversations with her predecessor, and had no knowledge of when and by whom the notations in question were made (see, Matter of Leon RR, 48 NY2d 117).

Defendants assert that the employment agreement was only between plaintiff and HMI, and thus Hartfield is not liable to plaintiff. Clearly, it was Hartfield and Hartfield's representa-

tives and officers who represented that Hartfield would finance the entire operation of the new entity. It was also Hartfield that supplied the offices for the meeting and the newly founded entity. In fact, HMI was not incorporated until after the employment agreement with plaintiff was entered into and thus HMI could not have been a party to that employment contract. While defendants assert that HMI ratified the employment agreement after it was incorporated, and that such ratification precluded others from being held liable on the contract, the record is devoid of any such evidence of ratification or of any evidence that plaintiff agreed to look solely to HMI for compensation. Concur—Kupferman, J. P., Milonas, Wallach and Smith, JJ.