■ DESMOND A. JORDAN, Appellant, v LYNNE D. RICHARDSON, Respondent.—Order, Supreme Court, New York County (Walter M. Schackman, J.) entered May 9, 1990, which, *inter alia,* awarded defendant custody of the parties' two children, then ages one and three, pendente lite; awarded defendant exclu-

sive possession of the marital residence pendente lite; and granted plaintiff visitation limited to one evening per week and every other weekend with the older child and one evening per week and every fourth weekend with the younger child, with all visits to take place away from the marital residence and overnight visits to be conducted in the presence of plaintiff's sister, unanimously affirmed, without prejudice to an application based upon current circumstances to Supreme Court, New York County, to expand plaintiff's visitation rights, without costs.

As there was some evidence from which it could be found defendant's safety was threatened by plaintiff's continued presence in the marital residence, we do not disturb the court's award of exclusive possession of the marital residence to defendant (Binet v Binet, 53 AD2d 836). The court's award of temporary custody of the children to defendant was plainly in the children's best interest, pursuant to the court's interpretation of the conflicting evidence before it (Matter of Ebert v Ebert, 38 NY2d 700; Friederwitzer v Friederwitzer, 55 NY2d 89). In both these matters, the proper remedy for any inequity is a prompt trial (Bennett v Bennett, 105 AD2d 1047). This is particularly true in this case, where the court made it clear that the arrangements were intended for the short term only, pending receipt of psychiatric and progress reports. While the restrictions upon plaintiff's visitation rights at that time were supported by the evidence, we leave the issue of whether visitation rights should be expanded based upon current circumstances to Supreme Court (see, Shink v Shink, 140 AD2d 506). Concur—Murphy, P. J., Carro, Kupferman, Asch and Rubin, JJ.