■ In the Matter of MICHELE EFFNER, Appellant, v THOMAS SCOTT, Respondent. [599 NYS2d 151] —Weiss, P. J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered August 10, 1992, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of visitation with the parties' child.

These unwed parties were living together when a child was born on July 5, 1990. An order of filiation was made and in September 1991 the parties separated. By order dated March 23, 1992, Family Court awarded custody of the child to petitioner and respondent, the child's father, was given liberal

visitation. On May 11, 1992 petitioner sought modification of visitation to essentially limit weekday visitation because respondent's availability exceeded original expectations. Family Court ordered the local department of social services to conduct home studies and directed the parties to submit to evaluations by the Delaware County Mental Health Clinic. Following a hearing, the court modified visitation, addressed some of petitioner's concerns and found that others had been resolved. Petitioner has appealed contending that Family Court's order is against the weight of the evidence and contrary to the best interest of the child.

In her argument for more restrictive visitation, petitioner relies heavily upon a reference in the mental health clinical evaluation described as an unusual and significant occurrence between the child and respondent during the evaluation process when the child cried when separated from petitioner. However, the social workers were unable to indicate the cause, other than emotional distress, and made no recommendations concerning visitation or possible treatment. The report does suggest that there should be some form of generalized monitoring of the child. Petitioner argues that Family Court failed to adequately consider the evaluation or to give it appropriate weight. We find that when assessed in context with the remainder of the evidence in the record, including the home studies and the oral report of the Law Guardian, the comments in the mental health evaluation provide no basis to restrict respondent's visitation with the child.

We further find that expanded visitation permits the desirable end of more meaningful interaction between this child and his father (see, Shink v Shink, 140 AD2d 506, 508; Paolini v Paolini, 100 AD2d 868). Here, the main dispute between the parties centers on the weekday visits and the time the child is returned to petitioner. In seeking to avoid disruption in the child's stability, Family Court permitted overnight visitation on a weekday when respondent had two consecutive days off and did not have overnight visitation privileges on the next weekend. The effect of the modification was to reduce the actual number of visitation days and to reduce the number of times the child would be shuttled between the parties. Family Court also addressed petitioner's concern by advancing the return time one hour and clarified the visitation scheduling found to be a major source of conflict. The determination that a structured visitation schedule was in the best interest of the child is amply supported by the record and we should not disturb the exercise of discretion by Family Court in establish-

ing such a schedule (see, Matter of Uncle v Uncle, 154 AD2d 743, 744; Corsell v Corsell, 101 AD2d 766, 767; see also, Northern Westchester Professional Park Assocs. v Town of Bedford, 60 NY2d 492, 499; Eschbach v Eschbach, 56 NY2d 167, 172; Matter of Amy J. v Brian K., 161 AD2d 1022, 1023; Matter of Schwartz v Schwartz, 144 AD2d 857, 859-860, lv denied 74 NY2d 604).

Nor do we find merit in the contention of the Law Guardian on appeal that her counterpart in Family Court failed to sufficiently participate in the proceedings (see, Koppenhoefer v Koppenhoefer, 159 AD2d 113). We find that the Law Guardian who appeared before Family Court adequately performed his task and his report, while inappropriately and without apparent reason given to Family Court outside the presence of the parties and counsel, indicates that he fully considered the issues. Finally, petitioner's contentions concerning the continued limitation on her right to relocate, contained in the earlier order, have no merit. That issue was addressed and determined in an earlier and unappealed order and petitioner has failed to provide an adequate basis for change.

Mikoll, Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the order is affirmed, without costs.