■ In the Matter of THOMAS BENDER, Respondent, v CHARISSE ROBINSON, Appellant. [628 NYS2d 580] —In a proceeding pursuant to Family Court Act article 6 to determine custody and visitation, the mother appeals from an order of the Family Court, Queens County (Schindler, J.), dated September 22,

1993, which, *inter alia,* reinstated portions of a previous order of joint custody made on consent, dated September 4, 1992, and set forth a schedule of visitation between the mother and the child.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the mother's contention, the Family Court did not deprive her of the opportunity to be heard with respect to the issues of custody and visitation. The record demonstrates that after the proceeding was commenced, the court held numerous conferences with the parties, conducted several hearings, ordered and reviewed several psychological evaluations, monitored the child's educational and developmental progress, consulted with the Law Guardian and the child welfare case worker assigned to the matter, and otherwise thoroughly familiarized itself with all aspects of the case. Furthermore, the court provided the mother and her counsel with adequate opportunities to state the mother's position on the various issues involved and declined to hold another hearing only when the mother failed to advance a valid factual basis for doing so and when it became clear that such a hearing would result in further delay and would yield no additional relevant information. Under these circumstances, and in view of the mother's often dilatory and vague requests, the court did not err in issuing the order without conducting a further hearing.

Similarly unavailing is the mother's challenge to the schedule of visitation set forth by the court. That schedule provides a stabilizing influence for the child, affords the mother frequent and substantial visitation, and is in keeping with the best interests of the child. Accordingly, we discern no improvident exercise of the court's broad discretion in this regard *(see, Matter of Effner v Scott,* 194 AD2d 890; *Corsell v Corsell,* 101 AD2d 766). Sullivan, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.