■ In the Matter of George Rought, Respondent, v Carol Palidar, Appellant. [775 NYS2d 678]—

Appeal from an order of the Family Court, Allegany County (Lynn L. Hartley, J.H.O.), entered January 31, 2003. The order granted the parties joint custody of their child and fixed a visitation schedule.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: "[I]t is well settled that the standard to be applied in determining issues of visitation is the best interest[s] of the child" (*Matter of Mix v Gray,* 265 AD2d 692, 693 [1999]). The visitation schedule fashioned by Family Court "permits the desirable end of more meaningful interaction between the child and his father" (*Matter of Effner v Scott,* 194 AD2d 890, 891 [1993]) and recognizes that "the best interests of the child lie in being nurtured by both parents" (*Edgerly v Moore,* 232 AD2d 214, 215 [1996]). We discern no basis for disturbing the court's broad discretion in fashioning a visitation schedule (*see Effner,* 194 AD2d at 891-892). We reject the contention of respondent and the Law Guardian that the court improperly altered its original decision prior to an order having been submitted or entered on that decision. " 'Until then, the court had inherent power, *sua sponte* or at the behest of one of the parties, to reconsider . . . its earlier decision' " (*Saccone v Elm Hill Plaza,* 5 AD3d 1028 [2004], quoting *Levinger v General Motors Corp.,* 122 AD2d 419, 420 [1986]; *see Scritchfield v Perry,* 245 AD2d

1054 [1997]). We conclude that the court properly exercised that power in altering its original decision and fixing a more definite visitation schedule. Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.