■ In the Matter of IVERY HALL, Appellant, v DEIDRE POR-TER, Respondent. [859 NYS2d 786]—

Appeal from an order of the Family Court, Monroe County (Thomas W. Polito, R.), entered March 21, 2006 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded respondent sole custody of the parties' child.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: We reject the contention of petitioner father that Family Court did not have jurisdiction to award sole custody of the parties' child to respondent mother because she did not file a cross petition seeking that relief. "[T]he issue of an award of custody to any party was properly before the court [because, i]n a child custody proceeding, a court has the authority to 'enter orders for custody . . . as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties and to the best interests of the child' " (*Matter of Miller v Orbaker*, 17 AD3d 1145, 1145-1146 [2005], *lv denied* 5 NY3d 714 [2005] [citation omitted]). Contrary to the father's further contentions, the record supports the court's determination that "the best interests of the child[ ]

would be served by supervised visitation at a neutral site" (*Matter of Acker v Acker*, 212 AD2d 1014, 1014 [1995]; *see Matter of Westfall v Westfall*, 28 AD3d 1229 [2006], *lv denied* 7 NY3d 706 [2006]), and by a gradual increase in the duration of the visits (*see Matter of Pettengill v Kirley*, 25 AD3d 935, 936 [2006]). Any error in the court's failure to afford the Law Guardian the opportunity to give a summation does not warrant reversal, inasmuch as the Law Guardian made her position clear to the court at the hearing and, "[n]otably, the Law Guardian does not seek reversal of [the] order [on appeal]" (*Matter of Machukas v Wagner*, 246 AD2d 840, 842 [1998], *lv denied* 91 NY2d 813). Present—Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.