Appeal from an order of the Family Court, Steuben County (Joseph W Latham, J.), entered December 8, 2006 in a proceeding pursuant to Family Court Act article 6. The order granted the petition and awarded sole custody of the parties’ child to petitioner with supervised visitation to respondent.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner father commenced this proceeding seeking to modify an order that awarded sole custody of the parties’ child to respondent mother on the ground that the mother had intentionally alienated the parties’ child from the father since the entry of that order. We conclude that Family Court properly granted the petition and determined that a *1219 modification of the existing custody arrangement is in the best interests of the child (see Matter of Charles M.O. v Heather S.O., 52 AD3d 1279 [2008]; Matter of Guidice v Burruano, 255 AD2d 911 [1998]). We reject the mother’s contention that the court lacked subject matter jurisdiction inasmuch as the father appropriately commenced this action by filing a petition for modification (see Family Ct Act § 651 [b]). We reject the further contention of the mother that the court erred in awarding her supervised visitation, and we perceive no basis upon which to disturb the court’s determination that supervised visitation is in the best interests of the child (see Matter of Hall v Porter, 52 AD3d 1289 [2008]). Contrary to the mother’s contention, the Law Guardian took an active role in the proceedings (see generally Matter of Carballeira v Shumway, 273 AD2d 753, 755 [2000], lv denied 95 NY2d 764 [2000]), and the Law Guardian’s advocacy for the child during summation did not in effect constitute a report to the court (see Matter of Rueckert v Reilly, 282 AD2d 608, 609 [2001]). Finally, we conclude that the mother’s remaining contentions are moot because the rights of the parties would not be affected by our review of those contentions (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). Those contentions do not fall within the exception to the mootness doctrine inasmuch as the circumstances at issue in those contentions are unlikely to recur, do not typically evade review, and do not raise a substantial and novel question (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 811 [2003], cert denied 540 US 1017 [2003]). Present — Scudder, P.., Hurlbutt, Fahey, Peradotto and Pine, JJ.