VERONICA S., Respondent, v PHILIP R.S., Appellant. [894 NYS2d 644]—

Appeal from a judgment of the Supreme Court, Monroe County (John M. Owens, J.), entered December 23, 2008 in a divorce action. The judgment, among other things, awarded plaintiff sole custody of the parties' children and granted defendant visitation.

It is hereby ordered that the judgment so appealed from is unanimously modified in the exercise of discretion by vacating the directive in the eighth decretal paragraph that defendant pay all of the Law Guardian's fees and providing that the Law Guardian's fees shall be divided equally between the parties and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: In this divorce action, defendant husband contends that Supreme Court erred in restricting his visitation with the parties' children upon awarding sole custody to plaintiff wife; that the court's decision-making process with respect to the children was flawed because the Law Guardian did not advise the court of the wishes of the children or advocate for them; and that the court erred in requiring defendant to pay certain fees to the expert psychologist and the Law Guardian.

We reject the contention of defendant that the court abused its discretion in limiting his visitation with the children. It is well settled that visitation issues are determined based on the best interests of the children (see Matter of Wojcik v Newton [appeal No. 2], 11 AD3d 1011 [2004]; Matter of Rought v Palidar, 6 AD3d 1112 [2004]), and that trial courts have "broad discretion in fashioning a visitation schedule" (Rought, 6 AD3d at 1112). Here, the record amply supports the court's determination that the best interests of the children would be served by restricted visitation with defendant (see generally Matter of Hall v Porter, 52 AD3d 1289, 1289-1290 [2008]; Matter of Westfall v Westfall, 28 AD3d 1229 [2006], lv denied 7 NY3d 706 [2006]). Defendant admitted that he had sexual thoughts about children, including his own, and both the expert psychologist and defendant's social worker testified that defendant suffers from

pedophilia. Although there is no evidence that defendant in fact engaged in sexual contact with minors, the expert psychologist testified that the children felt uncomfortable being alone with their father. "While the express wishes of children are not controlling, they are entitled to great weight, particularly where their age and maturity would make their input particularly meaningful" (*Koppenhoefer v Koppenhoefer*, 159 AD2d 113, 117 [1990]). Here, the children were 12 and 15 years old, respectively, at the time of trial and, thus, their expressed preferences were entitled to great weight (*see Matter of Minner v Minner*, 56 AD3d 1198 [2008]; *Koppenhoefer*, 159 AD2d at 117; *Bergson v Bergson*, 68 AD2d 931 [1979]).

We reject defendant's further contention that the Law Guardian did not advise the court of the wishes of the children and did not advocate for them. We note at the outset that defendant contends for the first time on appeal that the Law Guardian did not advise the court of the children's wishes, and thus that contention is unpreserved for our review (*see Matter of Alyshia M.R.*, 53 AD3d 1060, 1061 [2008], *lv denied* 11 NY3d 707 [2008]; *see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). In any event, there is no merit to that contention. The record reflects that the Law Guardian met with the children several times in preparation for trial, interviewed both parties, attended all pretrial proceedings, vigorously questioned all of the witnesses at trial, made a successful motion for a *Lincoln* hearing, and represented the children during that hearing. The Law Guardian also prepared a post-trial submission in which he contended that sole custody be awarded to plaintiff, with restricted visitation to defendant. Even assuming, arguendo, that the Law Guardian did not adequately advise the court of the children's wishes, we conclude that the court had sufficient information to determine the best interests of the children (*see Alyshia M.R.*, 53 AD3d at 1061-1062; *see also Matter of Davona L.*, 45 AD3d 1392 [2007], *lv denied* 10 NY3d 707 [2008]).

Also contrary to defendant's contention, we conclude that the court did not abuse its discretion in requiring defendant to pay the expert psychologist's $600 trial retainer fee. The record establishes that the trial was postponed based upon defendant's representation that the matter was settled, and that the retainer fee was necessary to secure the expert psychologist's appearance on the adjourned date. We agree with defendant, however, that the court improvidently exercised its discretion in ordering defendant to pay all of the Law Guardian's fees both with respect to the trial as well as all post-trial proceedings. "Although the matter of counsel fees is entrusted to the sound discretion

of the trial court, it is 'nonetheless to be controlled by the equities of the case and the financial circumstances of the parties' " (*Kavanakudiyil v Kavanakudiyil*, 203 AD2d 250, 252 [1994]). Here, defendant's net income is $50,790 per year, while plaintiff's net income is $69,948 per year. Thus, the directive that defendant pay all of the Law Guardian's fees is not required to redress any economic disparity between the parties. Moreover, aside from defendant's refusal to sign a stipulation of settlement, there is no indication that defendant "engaged in any dilatory or obstructionist tactics in defending" the divorce action or seeking increased visitation (*see Kwong-Yu Lee v Oi Wa Chan*, 245 AD2d 270 [1997]), and such an award should not punish a party for deciding to proceed to trial rather than agree to a settlement (*see generally Comstock v Comstock*, 1 AD3d 307, 308 [2003]). We thus conclude in the exercise of our discretion that the Law Guardian's fees should be divided equally between the parties. We therefore modify the judgment accordingly, and we remit the matter to Supreme Court to determine the amount to be paid by each party. Present—Centra, J.P., Peradotto, Green and Pine, JJ.