█ In the Matter of WILLIAM VANDUSEN, Appellant, v MELISSA L. RIGGS, Respondent. [908 NYS2d 303]—

Appeal from an order of the Family Court, Oneida County (Brian M. Miga, J.), entered May 18, 2009 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: The father of the child at issue in these appeals is the petitioner in appeal No. 1 and a respondent in appeal No. 2. He appeals from an order in appeal No. 1 that, following a hearing, dismissed his petition seeking to modify a prior custody order, and he appeals from an order in appeal No. 2 that granted the petition of the Law Guardian for the subject child seeking to modify a prior visitation order.

The father contends in appeal No. 1 that Family Court erred in dismissing his petition following a hearing on the issues of both custody and visitation on the ground that he failed to demonstrate a significant change in circumstances to warrant a change in the existing custodial arrangement. We reject that contention (*see generally Matter of Atkins v Maynard*, 288 AD2d 878 [2001], *lv denied* 97 NY2d 609 [2002]; *Matter of Irwin v Neyland*, 213 AD2d 773 [1995]). It is well established that an existing custodial arrangement should not be altered "merely because of changes in marital status, economic circumstances or improvements in moral or psychological adjustment, at least so long as the custodial parent has not been shown to be unfit, or perhaps less fit, to continue as the proper custodian" (*Obey v Degling*, 37 NY2d 768, 770 [1975]; *see Fox v Fox*, 177 AD2d 209, 211 [1992]). Even assuming, arguendo, that the father established a significant change in circumstances, we conclude on the record before us that a change in custody would not be in the best interests of the child (*see generally Matter of Yaddow v Bianco*, 67 AD3d 1430 [2009]; *Matter of Maher v Maher*, 1 AD3d 987, 988-989 [2003]).

With respect to the order in appeal No. 2, we reject the contention of the father that the Law Guardian failed to make a sufficient showing of a change in circumstances to warrant a modification of the prior visitation order. Such an order is not

subject to modification unless there has been a sufficient change in circumstances since the entry of the prior order that, if not addressed, would have an adverse effect on the child's best interests (*see Matter of Neeley v Ferris*, 63 AD3d 1258, 1259 [2009]; *Matter of Chase v Benjamin*, 44 AD3d 1130, 1130-1131 [2007]). Here, the Law Guardian established at the joint custody and visitation hearing that, since the entry of the prior visitation order, the father had relocated from Virginia to Texas and that the directive in the prior visitation order requiring the child to spend six weeks of her summer vacation with the father at his residence presently interfered with the child's increasing participation in social and extracurricular activities at the child's primary physical residence. In addition, although the wishes of the 15-year-old child are not determinative, they nevertheless are entitled to great weight where, as here, the " 'age and maturity [of the child] would make [her] input particularly meaningful' " (*Veronica S. v Philip R.S.*, 70 AD3d 1459, 1460 [2010]). In this case, the child expressed a desire to limit the amount of time she spent away from her primary physical residence during the summer months. We thus reject the father's contention that the court abused its discretion in determining that the best interests of the child would be served by reducing the amount of visitation with the father at his home in Texas during the child's summer vacation from six weeks to two weeks (*see generally Matter of Wojcik v Newton* [appeal No. 2], 11 AD3d 1011 [2004]; *Matter of Rought v Palidar*, 6 AD3d 1112 [2004]).

Contrary to the further contention of the father in each appeal, the court did not abuse its discretion in denying his request to have the child testify in court and instead conducting an in camera interview (*see Matter of Lincoln v Lincoln*, 24 NY2d 270, 272 [1969]; *Matter of Farnham v Farnham*, 252 AD2d 675, 677 [1998]). Finally, we reject the father's remaining contention in each appeal that the court erred in conducting the in camera interview before further evidence was presented at the hearing. The record demonstrates that, at the time of the interview, the court was aware of all issues presented by the parties, and that the evidence presented following the in camera interview did not raise any new issues (*cf. Kerfein v Bruno*, 23 AD2d 961, 962 [1965]). Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.