# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**469**

**CA 11-00085**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

BRENDA L. D'AMBRA, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

RICHARD T. D'AMBRA, DEFENDANT-RESPONDENT.
-------------------------------------------
DEAN J. FERO, ATTORNEY FOR THE CHILDREN,
APPELLANT.
(APPEAL NO. 2.)

---

DAVIDSON FINK, LLP, ROCHESTER (DONALD A. WHITE OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

DEAN J. FERO, ATTORNEY FOR THE CHILDREN, ROCHESTER, APPELLANT PRO SE.

SAMUEL A. DISPENZA, JR., EAST ROCHESTER (TERRENCE G. BARKER OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeals from a judgment of the Supreme Court, Monroe County (Elma
A. Bellini, J.), entered December 27, 2010 in a divorce action. The
judgment, among other things, dissolved the marriage between the
parties.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by vacating that part equitably
distributing plaintiff's M&T savings account as well as those parts
precluding plaintiff from sharing in defendant's early retirement
benefits or enhanced pension payments, if any, and as modified the
judgment is affirmed without costs.

Memorandum: In this matrimonial action, plaintiff wife and the
Attorney for the Children (AFC) appeal from a judgment of divorce that
"incorporated and merged" an amended decision and order issued by
Supreme Court following a trial on issues relating to custody of the
parties' two children and equitable distribution. With respect to
custody, the court awarded the parties joint custody with primary
physical residence to the wife and visitation to defendant husband on
alternate weekends until Monday morning, every Wednesday from 4:00
P.M. to 7:30 P.M., and Sunday afternoons from 3:00 P.M. to 7:00 P.M. on
the weekends during which the husband does not otherwise have
visitation. The court further determined that, if the husband
obtained a "suitable residence," i.e., an appropriately sized and
equipped apartment within five miles of the wife's residence, within
six months of its amended decision and order, the residency schedule

would be adjusted to afford the parties equal time with the children. Finally, with respect to custody, the court ordered that the parent whose residency period is beginning shall be responsible for picking up the children from the other parent's residence.

The wife challenges the court's residency schedule on several grounds. She initially contends that the court erred in determining that the husband shall automatically be entitled to equal time with the children if he obtained a "suitable residence" within six months of the amended decision and order. That contention is moot, however, inasmuch as the husband did not obtain a "suitable residence" within the requisite six months, and indeed still has not done so. The wife further contends, and the AFC agrees, that the court erred in awarding the father visitation on Sunday afternoons with the children on the weekends that he does not have residency. According to the wife, the schedule deprives her of quality time with the children because she never has the children for an entire weekend. We reject that contention. Because the wife is permanently disabled and does not work, the court's residency schedule affords her ample quality time with the children (*see generally Chamberlain v Chamberlain*, 24 AD3d 589, 592-593). She has the children every day after school and most week nights, as well as on alternate weekends until Sunday afternoon. "It is well settled that visitation issues are determined based on the best interests of the children . . . and that trial courts have 'broad discretion in fashioning a visitation schedule' " (*Veronica S. v Philip R.S.*, 70 AD3d 1459, 1459). Affording deference to the court's determination and its "first-hand assessment" of the parties (*Matter of Thayer v Thayer*, 67 AD3d 1358, 1359), we cannot conclude that the court erred in awarding visitation to the husband on alternate Sunday afternoons.

The wife further challenges the custody provisions of the amended decision and order insofar as it requires her to transport the children from the husband's residence to school on alternate Monday mornings. It appears from the wife's brief on appeal, however, that her challenge may be moot. According to the wife's brief, the court clarified its amended decision and order after it was rendered to make clear that the transportation provision did not apply to Monday mornings, and the husband has agreed to provide such transportation. In any event, we conclude that, because the record demonstrates that the wife is capable of operating a motor vehicle without difficulty despite her disability, the court did not err in requiring her to share equally in the transportation burden associated with the residency schedule on alternate Monday mornings. In addition, we reject the AFC's contention that the court should have required the husband to provide *all* of the transportation for visitation and residency. We also reject the AFC's contentions that the court erred in awarding residency of the children to the husband on alternate school breaks and holidays, and in failing to direct the parties to attend the Assisting Children through Transition program (*see generally Veronica S.*, 70 AD3d at 1459).

With respect to equitable distribution, there is no merit to the wife's contention that the court erred in granting one dependency

exemption to each party while allowing the husband to purchase in any given year the wife's exemption for the amount of tax savings the wife would have realized were she to claim the child on her tax return. We note at the outset that the wife does not appear to be aggrieved thereby. According to the uncontradicted testimony of the husband's tax expert, the wife will derive no benefit from the dependency exemption due to her limited income, which consists solely of disability benefits. In any event, "[n]othing in the language of the federal tax law limits the discretion of a state court to allocate the dependency exemption" (*Agnello v Payne*, 26 AD3d 837, *lv denied* 7 NY3d 707), and the court therefore could have awarded both exemptions to the husband.

We agree with the wife, however, that the court erred in awarding the husband one half of the funds in the wife's M&T savings account as of the date of commencement of the action, and we therefore modify the judgment accordingly. That account was in the wife's name only, and she established at trial that the funds therein came exclusively from her disability payments. Domestic Relations Law § 236 (B) (1) (d) (2) provides that "compensation for personal injuries" is separate property not subject to equitable distribution, and disability payments constitute compensation for personal injuries (*see Miceli v Miceli*, 78 AD3d 1023, 1025; *Masella v Masella*, 67 AD3d 749, 750; *Solomon v Solomon*, 206 AD2d 971).

We conclude that the court erred in determining that the wife shall not share in any early retirement benefits or enhanced pension payments, if any, that the husband may receive in the future. We thus further modify the judgment accordingly. "Vested rights in a noncontributory pension plan are marital property to the extent that they were acquired between the date of the marriage and the commencement of a matrimonial action, even though the rights are unmatured at the time the action is begun" (*Majauskas v Majauskas*, 61 NY2d 481, 485-486). Although Social Security bridge payments and severance payments generally are not subject to distribution under *Majauskas*, early retirement or pension benefits of the type at issue in this case have been treated differently (*see Olivo v Olivo*, 82 NY2d 202, 207-209).

We reject the wife's contention that the court erred in awarding her only a 15% share of the husband's business, given that the wife made only indirect contributions to that business (*see e.g. Peritore v Peritore*, 66 AD3d 750, 753; *Hiatt v Tremper-Hiatt*, 6 AD3d 1014, 1016). Finally, we conclude that the " 'equities of the case and the financial circumstances of the parties' " support the court's refusal to award attorney's fees to plaintiff (*Matter of William T.M. v Lisa A.P.*, 39 AD3d 1172, 1173).

Entered:  April 27, 2012                     Frances E. Cafarell
                                             Clerk of the Court