# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

818

CAF 12-02057, CAF 12-02084

PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF JUAN C. LARA,
PETITIONER-APPELLANT-RESPONDENT,

V                                             MEMORANDUM AND ORDER

MICHELLE B. SULLIVAN,
RESPONDENT-RESPONDENT-APPELLANT.
-------------------------------------
HEIDI W. FEINBERG, ATTORNEY FOR THE
CHILD, APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR PETITIONER-APPELLANT-RESPONDENT.

HEIDI W. FEINBERG, ATTORNEY FOR THE CHILD, ROCHESTER, APPELLANT PRO SE.

SHIRLEY A. GORMAN, BROCKPORT, FOR RESPONDENT-RESPONDENT-APPELLANT.

---

Appeals and cross appeal from an order of the Family Court, Monroe County (Joan S. Kohout, J.), entered October 9, 2012 in a proceeding pursuant to Family Court Act article 6.  The order, inter alia, denied the petition seeking modification of a prior custody order.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law and the facts by granting the modification petition and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following Memorandum: Petitioner father and the Attorney for the Child (AFC) appeal from an order denying the father's petition seeking to modify a 2001 order granting respondent mother custody of the parties' daughter by granting custody of the 14-year-old child to him.  On her cross appeal, the mother contends that Family Court erred in finding that she was in civil contempt for violating a 2001 order that prohibited her from removing the parties' daughter from the State of New York (*see* Judiciary Law § 753 [A] [3]), and that she was denied effective assistance of counsel with respect to the father's petition alleging that she violated the 2001 order.

Addressing first the cross appeal, we reject the mother's contention that the court erred in finding her in civil contempt of the court's order.  It is undisputed that the order prohibited her

from moving out-of-state with the parties' child without the permission of either the father or the court, and that the mother moved to Maine in August 2011 without such permission.  We reject the mother's further contention that she was denied effective assistance of counsel.  The mother failed to appear for the three days on which the hearing was conducted, and we conclude that she failed to establish that she was denied meaningful representation and that the alleged deficiencies in counsel's representation resulted in actual prejudice (*see Matter of Alisa E. [Wendy F.]*, 98 AD3d 1296, 1296; *Matter of Michael C.*, 82 AD3d 1651, 1652, *lv denied* 17 NY3d 704).

With respect to the father's appeal, we note that, in support of his modification petition, the father presented the testimony of the mother's parents, sister and long-term friend, as well as his own testimony and that of a school official.  The undisputed testimony established that the child's unmarried parents separated approximately one year after her birth and that the father had only sporadic contact with the child and had not seen her for four years prior to filing the modification petition in August 2011.  The father filed the modification petition after learning that the child had been hospitalized and that the mother intended to move with the child to Maine.  Other undisputed evidence established that the mother and child lived with family members or a family friend for most of the child's life; that the mother's family members and long-term friend were actively involved in the care and support of the child; that the mother was verbally abusive to the child; that the child loved her mother but was afraid of her; that the mother refused to permit the father to visit the child; that the mother moved to Maine in violation of the custody order that required either the permission of the father or Family Court; and that, after relocating to Maine, the mother and the child lived in a cramped two-bedroom house with another family before relocating to a shelter in a neighboring community.  The AFC advised the court that her client loved her mother but wanted to return to live with her father in Rochester because the mother was unpredictable, unstable and "scary."

"Generally, a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (*Matter of Stilson v Stilson*, 93 AD3d 1222, 1223 [internal quotation marks omitted]).  Here, we conclude that the court's determination that it is in the best interests of the child to remain in the custody of the mother lacks a sound and substantial basis in the record.  We therefore modify the order by granting the father's modification petition.

As a preliminary matter, we conclude that the court abused its discretion in failing to "draw the strongest inference that the opposing evidence permits" against the mother based upon her failure to appear for the hearing (*Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 79), although we note that the court stated that it was doing so.  Although the court properly determined that the father failed to take steps to enforce his right to visit

with the child, the court failed to credit the testimony of the mother's family that the mother interfered with the father's ability to visit the child; that the mother disparaged the father in the child's presence; that, despite the court's order granting telephone access to the child, the access lasted only two weeks; that the mother was verbally abusive to the child; that the child was afraid of her mother; and that the mother exhibited behaviors that support a determination that she failed to provide a proper home environment and parental guidance for the child (*see generally Eschbach v Eschbach*, 56 NY2d 167, 172).  Further, the court failed to credit the evidence, including testimony and school records, that the mother failed to provide for the child's emotional development and that the child's intellectual and emotional development was supported by the mother's family members and long-term friend, rather than by the mother (*see generally Fox v Fox*, 177 AD2d 209, 210).  We note that there is no evidence that the mother has the financial ability to provide for the child and that the evidence establishes that the father has a job, a home, and pays child support (*see id.*).

Although the court properly determined that the child "barely knows" the father, we conclude that the court erred in failing to give any weight to the 14-year-old child's preference to live with the father rather than the mother, where, as here, the record establishes that her age and maturity would make her input "particularly meaningful" (*Matter of VanDusen v Riggs*, 77 AD3d 1355, 1356 [internal quotation marks omitted]; *see Fox*, 177 AD2d at 210).

Finally, upon granting the modification petition, we remit the matter to Family Court to establish a visitation schedule with the mother.  We note that, in connection with the motions of the father and the AFC to expedite this appeal, this Court was advised that there may be a court proceeding in Maine involving the mother and child. Family Court is therefore further directed upon remittal to coordinate this proceeding with any court proceeding in Maine insofar as necessary to effectuate the order of this Court (*see generally Matter of Michael B.*, 80 NY2d 299, 319).

Entered:  July 19, 2013                          Frances E. Cafarell
                                                 Clerk of the Court