■ In the Matter of THOMAS H. BJORKLAND, JR., Respondent, v VICKI EASTMAN, Appellant. [719 NYS2d 744] —Rose, J. Appeal from an order of the Family Court of Warren County (Breen, J.), entered November 24, 1999, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody.

Petitioner and respondent are the biological parents of a child born in 1997. In January 1998, petitioner applied to Family Court for custody of the child, but he subsequently consented to entry of an order in March 1998 giving respondent custody of the child and petitioner limited visitation. In July 1998, respondent filed a petition for elimination of petitioner's visitation with the child based on, *inter alia*, allegations that petitioner had hit her and threatened to kill her and the child. Petitioner was arrested for this alleged conduct, but he denied it occurred and eventually the charges against him were dismissed. Thereafter, petitioner sought an increase in visitation on the ground that his visits with the child were going well.

In September 1998, Family Court (Austin, J.), entered a temporary order modifying the earlier consent order by granting joint custody, physical custody to respondent and increased visitation to petitioner. Almost immediately, respondent filed a petition for modification of this order to direct supervised visits between petitioner and the child, claiming that, *inter alia*, petitioner had taken the child out of State without her consent and threatened her. In January 1999, before her petition could be resolved, respondent petitioned again, this time for suspension of visitation, alleging that petitioner had threatened to take the child away from her unless she did what he told her to do. Based on respondent's complaint, petitioner was arrested. Again he denied threatening respondent and the charges were dismissed. In April 1999, respondent filed a

fourth petition for modification of the September 1998 order, complaining that petitioner would not allow her to have the child for her mother's wedding because it was being held on his regular visitation day. However, when the parties appeared before Family Court in May 1999, respondent withdrew all of her previous petitions for modification.

Petitioner then commenced this proceeding seeking sole legal and physical custody of the child, claiming that respondent had mental health problems self-described as panic attacks, provided inadequate care for the child and had petitioner falsely arrested two times. After a fact-finding hearing held in July, August and September 1999, Family Court reviewed the custody petition de novo, found that petitioner had a superior home environment and a more stable lifestyle than respondent, and Ordered that sole custody of the child be given to petitioner with visitation to respondent. Respondent now appeals.

We begin our review by noting that "an established custody arrangement will be altered only upon a showing that there has been a change in circumstances which will ensure the continued best interest of the child" (*Matter of Hrusovsky v Benjamin*, 274 AD2d 674, 675). "Such a change in circumstances may be demonstrated by, *inter alia*, a deterioration of the relationship between the joint custodial parents * * * [or] interference with the noncustodial parent's visitation rights" (*Matter of Markey v Bederian*, 274 AD2d 816, 817 [citations omitted]). Although Family Court should have first found a change in circumstances before altering the existing custody arrangement because there was a prior custody order, this Court has "authority in custody matters * * * as broad as that of the trial court" and may substitute its judgment for that of the trial court (*Hanna v Hanna*, 267 AD2d 903, 904, *lv dismissed* 94 NY2d 943). The parties here were experiencing an ever deteriorating relationship with each other despite petitioner's improving relationship and increasing visitation with the child. In addition, respondent's frequent filing of petitions and causing petitioner to be arrested to prevent visitation with the child presented a sufficient change in circumstances to warrant review and modification of the custody order.

After reviewing the record, we find no merit in respondent's next contention that Family Court's findings were not supported by the evidence. In making a custody determination, the court must assess all relevant factors, "including the quality of the parents' respective home environments, the length of time that the present custody arrangement has been in place

and each parent's past performance, relative fitness, and ability to guide and provide for the child's intellectual and emotional development" (*Matter of Alice A. v Joshua B.*, 232 AD2d 777, 779; *accord, Matter of Gray v Jones*, 251 AD2d 765; *Matter of De Losh v De Losh*, 235 AD2d 851, 852, *lv denied* 89 NY2d 813). "Family Court's factual findings traditionally are accorded great deference and should be set aside only where they lack a sound and substantial basis in the record" (*Matter of Markey v Bederian, supra*, at 817). In addition, in civil proceedings, the court may draw a negative inference from a party's failure to testify (*see, Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G.*, 59 NY2d 137, 141), as respondent failed to do here.

In this case, after noting that the existing custody arrangement had been in place for only a short time, Family Court found that petitioner and his wife were in a better position to provide for the child's intellectual and emotional development because petitioner, unlike respondent, did not have serious emotional problems or cigarette or drug addiction, because he was married and had a reliable source of income, and because he had increasingly frequent visitation with the child. Pediatrician Richard Anderson testified that respondent reported seizure-like symptoms exhibited by the child in July 1998, but never took the child to obtain an EEG as recommended by his physicians. Anderson also testified that on another occasion, respondent was advised by a physician to take the child to the emergency room, but failed to do so due to a panic attack, that respondent missed several appointments for the child at his office and that there should be no cigarette smoking in the child's presence due to his respiratory problems.

The court-appointed psychologist, Steve Bratton, evaluated both parties and testified that petitioner presented no alcohol, drug or emotional problems, and that he exhibited a stable home and work life while respondent had a chaotic lifestyle, anxiety, depression and panic attacks. He also testified that respondent did not cooperate in keeping appointments and that her panic disorder affected her ability to deal with situations in a reasonable manner. Although the testimony concerning the condition of respondent's home, her smoking and her care of the child was at times conflicting, the record nevertheless holds ample evidence that, when credited by Family Court, demonstrates the best interest of the child required custody with petitioner. Accordingly, we find that Family Court's decision to modify the custody arrangement was supported by a sound and substantial basis in the record.

Respondent's final contention, that Family Court violated her equal protection rights by relying on the economic disparity between the parties in making its custody determination, also lacks merit. Courts must weigh many factors when making custody decisions, and the respective financial situations of the parties is one such factor to be weighed with others (*see, Matter of Forsyth v White*, 266 AD2d 743). Here, Family Court properly considered this factor, and there being no evidence that this was the sole basis for the court's ruling, we find no violation of respondent's right to equal protection.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.