■ JOHN P. CAHILL, Appellant, v AQUA CULTURE TECHNOLOGIES CORP. et al., Respondents. [737 NYS2d 534] —In an action,

inter alia, pursuant to ECL article 11 (Fish and Wildlife Law) and article 13 (Marine and Coastal Resources Law), which restrict the cultivation and growing of shellfish, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated January 11, 2001, as denied his cross motion for summary judgment on his cause of action to recover civil penalties, granted that branch of the defendants' motion which was to compel discovery to the extent of directing the plaintiff to disclose a certain document, and granted that branch of the defendants' cross motion which was for partial summary judgment dismissing the plaintiff's cause of action to recover civil penalties.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' cross motion which was for partial summary judgment dismissing the plaintiff's cause of action to recover civil penalties and substituting therefor a provision denying that branch of the cross motion, and that cause of action is reinstated; as so modified, the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The Supreme Court correctly denied the plaintiff's cross motion for summary judgment on his cause of action to recover civil penalties, as there are issues of fact as to whether the defendants violated ECL 13-0309 (4) and are subject to penalties pursuant to ECL 71-0925 (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324). To the extent that there are factual issues requiring a trial, the Supreme Court improperly granted the defendants' cross motion for summary judgment dismissing that cause of action (see, Alvarez v Prospect Hosp., supra at 324).

The Supreme Court did not err in directing disclosure of a certain e-mail document, as the document was not subject to a public interest privilege (see, Matter of World Trade Ctr. Bombing Litig., 93 NY2d 1) and was not predominantly of a legal character (see, Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371; Rossi v Blue Cross & Blue Shield of Greater N.Y., 73 NY2d 588). Smith, J.P., Krausman, Schmidt and Cozier, JJ., concur.