■ In the Matter of DIANA W., Appellant, v JOSE X., Respondent. [745 NYS2d 580] —Lahtinen, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered December 14, 2000, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a prior order of custody.

Petitioner and respondent are the biological parents of a son born in December 1988. Respondent was granted sole custody of the child in 1994 in an order of disposition following a finding of neglect entered against petitioner under Family Court Act article 10 and, except for a brief period in 1995, he has since maintained sole legal and physical custody of the child. As a result of modification petitions filed by petitioner,

petitioner had supervised overnight visitation with the child on alternate weekends, which took place at the home of the child's maternal grandmother.

In June 2000, petitioner filed the instant modification petition seeking "joint custody of [her] son." Shortly thereafter, she filed a violation petition alleging that respondent was late bringing the child for visitation, had unilaterally cancelled visits and had failed to timely inform her when he took the child out of the country. After a hearing on the petitions, including a *Lincoln* hearing, Family Court denied petitioner's application for joint custody, but granted her unsupervised visitation one weekend each month and equal access to the child's health and medical records, and directed respondent to keep petitioner advised of all major issues concerning the child. Family Court also determined that respondent violated the visitation provisions of the most recent order, but imposed no sanctions for this conduct. Petitioner appeals.

Our analysis of a modification application begins with the well-settled premise that "an established custody arrangement will be altered only upon a showing that there has been a change in circumstances which will ensure the continued best interest of the child" (*Matter of Hrusovsky v Benjamin*, 274 AD2d 674, 675; *see, Matter of Bjorkland v Eastman*, 279 AD2d 908, 909; *Matter of Markey v Bederian*, 274 AD2d 816, 817). Since petitioner seeks joint custody, we also note that "[a] court should never impose joint custody where the parents are combative, accusatory and simply unable to jointly address the best interests of the children as a direct result of their hostility toward each other" (*Matter of Yetter v Jones*, 272 AD2d 654, 655).

Family Court's refusal to modify the custody order by awarding joint custody to petitioner has a sound and substantial basis in the record and must be affirmed. The court's determination in this regard was based on the finding "that the parties do not communicate well with one another." That finding is entitled to great deference (*see, Matter of Markey v Bederian, supra* at 817) and will not be disturbed unless it lacks a sound and substantial basis in the record (*see, Matter of Barber v Stanley*, 260 AD2d 744, 747; *Matter of De Losh v De Losh*, 235 AD2d 851, 853, *lv denied* 89 NY2d 813). Both parties acknowledged, and their testimony clearly demonstrated, the animosity between them which resulted in little, if any, communication between them on any issue, which was generally accomplished only through the maternal grandmother. Moreover, under the circumstances presented, we reject petitioner's

argument that Family Court's determination, that respondent violated the visitation provisions of the prior order, rendered him an unfit custodial parent (*cf., Matter of Glenn v Glenn*, 262 AD2d 885, 887, *lv dismissed and denied* 94 NY2d 782). Family Court's findings that petitioner failed to fully avail herself of her opportunities for visitation and exhibited patent animosity toward respondent demonstrates conduct equally inimical to the fostering of the relationship between respondent and the child. While Family Court found that petitioner had made great strides in her life, the determination to deny her application for joint custody, which we note was in accord with the Law Guardian's position (*see, e.g., Matter of Harper v Jones*, 292 AD2d 649, 651), has a sound and substantial basis in the record and is in the child's best interest.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.