■ In the Matter of GENEVIEVE P., Appellant. MONROE COUNTY ATTORNEY, Petitioner-Respondent. [782 NYS2d 472]—

Appeal from an order of the Family Court, Monroe County (Marilyn L. O'Connor, J.), entered February 18, 2004 in a proceeding pursuant to Family Ct Act article 3. The order revoked respondent's probation and placed respondent in the custody of the New York State Office of Children and Family Services for a period of 12 months for placement at Kidspeace.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs.

Memorandum: Respondent was on probation based on an order adjudicating her a juvenile delinquent and now appeals from an order that placed her in a treatment program as a result of her violation of probation. We note, however, that respondent was confined for diagnostic assessment pursuant to an order issued following the violation of probation but before the issuance of the order on appeal. We agree with respondent that the prior order confining her for diagnostic assessment was an order of disposition within the meaning of Family Ct Act § 352.2 inasmuch as it was a "placement" providing for her care and treatment. Thus, in the absence of a petition pursuant to Family Ct Act § 355.3 to extend the period of placement, respondent's detention was complete upon the expiration of the diagnostic assessment period, and Family Court lacked jurisdiction to issue the order on appeal. Contrary to petitioner's contention, the court's designation of the prior order placing respondent for diagnostic assessment as "temporary" is of no moment. The record establishes that the law guardian for respondent waived only the time period for filing a new petition but did not waive the requirement that a petition for the extension of placement be filed upon the expiration of the diagnostic assessment period. Present—Pigott, Jr., P.J., Gorski, Martoche and Hayes, JJ.