Matter of J.H. v K.H. (2005 NY Slip Op 50825(U))

[*1]

Matter of J.H. v K.H.

2005 NY Slip Op 50825(U)

Decided on January 20, 2005

Family Court, Westchester County

Edlitz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 20, 2005

Family Court, Westchester County
In the Matter of J.H., Petitioner,
against
K.H., Respondent.
XXXXX

Sandra B. Edlitz, J.
This case involves a contested custody proceeding where both parties seek sole custody of the child of the marriage, born on July 27, 1995. The father in support of his petition for custody, claims in part, that the mother has made repeated and false claims against him of sexual abuse of their child.
On November 29, 2004, Respondent/Petitioner (hereinafter the "Father), by his attorney served a Judicial Subpoena Duces Tecum and Subpoena Ad Testificandum (hereinafter "subpoenas"), on the Westchester Department of Social Services (hereinafter referred to as "the Department"), a non-party in the above-captioned proceeding, directing the Child Protective Services Unit (hereinafter referred to as "CPS") of the Department to produce before the Court (Edlitz, JFC), all records relating to the investigation of reports of child abuse of the subject child by the father during the period of 1997-1999. The judicial subpoena also ordered that the Caseworker for the Department, appear before the Honorable Sandra B. Edlitz, Judge of the Family Court on December 3, 2004, at 9:30 a.m. in the forenoon to give testimony on the above mentioned reports.
On December 7, 2004, the Department, by Assistant County Attorney filed an Order to Show Cause requesting an Order quashing the "So Ordered" Subpoenas.
On December 29, 2004, the Father filed an Affirmation in Opposition to the Department's Motion to Quash. The Petitioner/Respondent (hereinafter the "Mother") and the Law Guardian [*2]did not submit reply papers and therefore took no position on the motion.
The Court denies the Motion to Quash. Notwithstanding the arguments made by the Department, the Court finds that Social Services Law (hereinafter "SSL""), §422 does not direct or authorize the Department to withhold information to the "subject of a report"[FN1] made to the Statewide Central Register (hereinafter referred to as the "SCR").
SSL §422(4)(A)(a-y), deals with instances in which disclosure of reports made to the SCR is permissible. It lists specific parties that are permitted access to these reports. The Court and the subject of the report are among them. The Court rejects the argument that SSL 422(A) pertains only to "indicated" or "pending" reports not to "unfounded" reports. It appears that 422 § (4)(A) refers to SCR reports in general regardless of whether or not a determination regarding the allegations has been made.
SSL §422(5) requires that unfounded reports shall be legally sealed and such reports may only be unsealed and made available to a specific list including but not limited to the subject of the report. [FN2] The Court finds SSL § 422(5) was amended to provide extra protection to the subjects of unfounded reports, not to limit SSL § 422(a) to only indicated or pending reports.
SSL § 422(7) states:

At any time, a subject of a report and other persons named in the report, may receive, upon request, a copy of all information contained in the central register, provided, however, that the commissioner is authorized to prohibit the release of data that would identify the person who made.
In Lim v. Lyi, 299 AD2d 763 (3d Dept. 2004), the Appellate Division, Third Department, ruled that the Family Court (Tompkins County) did not err by admitting the testimony of a DSS Caseworker and the report of the child protective agency stating that "unfounded child abuse reports may be introduced into evidence by the subject of the report where such subject is a plaintiff or petitioner in a civil action or proceeding alleging the false reporting of child abuse or maltreatment." In Lim, as in the instant case, the Father did not commence the proceeding in the first instance, but he did cross petition, specifically stating in his petition that the Mother "has [*3]made false allegations of child abuse against me."
The question presented here is why is the report being sought and by whom is it being sought? It is clear by the language of SSL § 422 that the statute was designed to protect the subject of an unfounded report, in circumstances where disclosure is not sought in accordance with the statute or by an unauthorized person or entity for the purposes of using the report against the subject. However, here, it is the subject of the unfounded reports who seeks disclosure of the report. Accordingly, it is
ORDERED, that the Motion to Quash the Subpoenas is denied, and it is further
ORDERED, that the Westchester County Department of Social Services, Child Protective Services Unit, produce in Court before the Honorable Sandra B. Edlitz, all records relating to the investigation of reports of child abuse of the subject child by the father during the period of 1997-1999, and it is further
ORDERED, that the Caseworker for the Westchester County Department of Social Services, Child Protective Services Unit, appear before the Honorable Sandra B. Edlitz pursuant to the subpoena to give testimony regarding the above mentioned reports.
Dated: January 20, 2005
Footnotes

Footnote 1:"Subject of the report" is defined in SSL §412(4) in pertinent part, as any parent of a child reported to the central register of child abuse and maltreatment who is allegedly responsible for causing injury, abuse or maltreatment to such child or who allegedly allows such injury, abuse or maltreatment to be inflicted on such a child.

Footnote 2:In 1999, the Legislature rewrote subdivision 5 of SSL 422, and the requirement that a request for the report by the subject be made within ninety days of being notified that the allegation of abuse was determined to be unfounded was removed.