■ In the Matter of TIMOTHY HUMBERSTONE, Respondent, v AMY WHEATON, Appellant. [801 NYS2d 868]—

Appeal from an order of the Family Court, Monroe County (John J. Rivoli, J.), entered June 24, 2004 in a proceeding pursuant to Family Court Act article 6. The order awarded sole custody and physical residence of the parties' children to petitioner, with visitation to respondent under specified conditions.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order in a proceeding pursuant to Family Court Act article 6 that awarded sole custody and physical residence of the parties' children to petitioner, with visitation to respondent under specified conditions. Contrary to the contention of respondent, she did not fall within any statutory provision allowing her to introduce into evidence an unfounded report of sexual abuse of the parties' daughter (*see* Family Ct Act § 651-a; *see also* Social Services Law § 422 [5] [b] [i], [ii]; *cf. Matter of Youngok Lim v Sangbom Lyi*, 299 AD2d 763, 766-767 [2002]), and Family Court did not err in refusing to admit the report in evidence. Because the unfounded report was inadmissible, the court also did not err in refusing to permit its author to testify with respect to it. Respondent waived her present contention concerning the admissibility of an "evaluation team report" for one of her husband's children from a previous marriage inasmuch as her attorney stated that she had no objection to that report when it was admitted in evidence (*cf. Matter of Genevieve P.*, 11 AD3d 927 [2004]; *see generally Custom Topsoil, Inc. v City of Buffalo*, 12 AD3d 1162, 1163 [2004]). We reject respondent's further contention that the testimony of a school guidance counselor concerning communications made to her by the child who was the subject of the "evaluation team report" should have been stricken from the record. Although respondent contends that the testimony should have been stricken because the child did not authorize the disclosure of those communications pursuant to CPLR 4508, the record establishes that the school guidance counselor was not a certified social worker. Thus, CPLR 4508 does not apply herein (*cf. Perry v Fiumano*, 61 AD2d 512, 516-517 [1978]). Furthermore, the court did not abuse its discretion in refusing to order psychological evaluations of all of the parties after the hearing was well under way (*see Matter of Gray v Jones*, 251 AD2d 765, 767 [1998]).

Finally, although the court erred in awarding temporary

custody of the parties' children to petitioner without conducting an evidentiary hearing, that error does not warrant reversal of the order on appeal. The court subsequently conducted the requisite evidentiary hearing, and the record of that hearing fully supports the court's determination following the hearing (*see Matter of Smith v Patrowski*, 226 AD2d 1073 [1996]; *see also Cucinello v Cucinello*, 234 AD2d 365, 366 [1996]). Present—Green, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.