OPINION OF THE COURT
Debra J. Kiedaisch, J.
In a family offense proceeding petitioner has brought two motions in furtherance of the production of records in aid of prosecution of the proceeding. In the petition, the petitioner alleges the parties were married and have a child in common, M. (born in 2004). Petitioner, the mother of said child, alleges, among other things, that the respondent father has been daily sending petitioner over a six-month period numerous text messages which petitioner alleges call her vulgar names and include vulgar messages. Petitioner attaches an e-mail to the motion papers (exhibit B) as one of such e-mails. Petitioner also alleges in her petition, and by way of her attorney’s affirmation on the motion, that respondent on two occasions made false allegations concerning petitioner, and petitioner’s son, to the local child protective service agency, the Orange County Department of Social Services (hereinafter DSS) that petitioner and her son were abusing M. Said reports were held by DSS to be unfounded or lacking credible evidence of abuse or maltreatment (Social Services Law § 412 [12]).
One of the motions seeks for the court to issue a “so ordered” judicial subpoena duces tecum upon DSS to produce certified copies of DSS’ records concerning its investigation and findings relative to the aforementioned child abuse complaints. Specif! *586 cally, the judicial subpoena duces tecum seeks: “Original or certified copy of all records maintained by the ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, CHILD PROTECTIVE SERVICES, reflecting its investigation and findings relative to two (2) unfounded child abuse complaints filed against D.M. [date of birth stated] concerning the child, M. [date of birth stated].”
With respect to this motion the court has received an affirmation in opposition from DSS.
The other motion, filed with the court on December 31, 2008, seeks to compel the respondent to issue a written authorization (exhibit D attached to petitioner’s motion papers) allowing Yahoo!, which is alleged to be respondent’s Internet e-mail service provider, to release account holder identifying information and records of e-mails allegedly sent by the respondent to petitioner. The authorization is sought to assist in compliance with a judicial subpoena duces tecum (exhibit C attached to petitioner’s motion papers) issued by petitioner’s attorney to Yahoo! for such records (CPLR 2301, 2302 [a]). Petitioner states she seeks such records and information from Yahoo! to lay a proper foundation for admission into evidence of such records at trial. The court has received opposition to this motion from respondent.
With respect to the first motion, DSS opposes such motion on the ground that the investigation to which the subpoena seeks to compel the production of records resulted in a finding that such allegations were determined to be unfounded (Social Services Law § 412 [12]). Citing Social Services Law § 422 (5) and § 444, DSS contends that upon such finding of “unfounded” being made the records are sealed and confidential and not subject to judicial subpoena in the instant proceeding. In Matter of Youngok Lim v Sangbom Lyi (299 AD2d 763, 766-767 [2002]), the Appellate Division, Third Department, held that an unfounded child abuse report may, nevertheless, be introduced into evidence at trial by the subject of the report who is a petitioner in a civil proceeding alleging the false reporting of child abuse or maltreatment (Social Services Law § 422 [5] [b] [i]). Petitioner contends she is the “subject of the report” she wishes to subpoena since such term is defined by statute as including a parent against whom allegations of child abuse or maltreatment of the parent’s child were made (Social Services Law § 412 [4]). In Matter of Humberstone v Wheaton (21 AD3d 1416, 1417 [2005]), the Appellate Division, Fourth Department, *587 held, it was not error for the trial court to deny admission into evidence of an unfounded report of sexual abuse of the parties’ daughter sought by the respondent in that case as the respondent did not fall within any statutory provision allowing respondent to introduce an unfounded report into evidence. The holdings in Matter of Humberstone v Wheaton (21 AD3d 1416, 1417 [2005]) and Matter of Youngok Lim v Sangbom Lyi (299 AD2d 763, 766-767 [2002]) are not inconsistent. The issue is whether the person seeking to subpoena and introduce an unfounded report of child abuse into evidence falls within the class of persons entitled by the statute to do so. The petitioner in this family offense civil proceeding falls within the class of persons entitled to introduce such report into evidence, namely, a petitioner, who was the subject of a report of child abuse, in a civil proceeding alleging the false reporting of child abuse or maltreatment (Matter of Youngok Lim v Sangbom Lyi, 299 AD2d 763 [2002]; see also Matter of J.H. v K.H., 7 Misc 3d 1030[A], 2005 NY Slip Op 50825[U], *2-3 [2005] [applying the holding in Matter of Youngok Lim v Sangbom Lyi (299 AD2d 763 [2002]) to a respondent who also cross-petitioned for custody]). In Matter of J.H. v K.H. (7 Misc 3d 1030[A], 2005 NY Slip Op 50825[U], *3 [2005]), the judicial subpoena which the trial court upheld required the local DSS agency to produce “all records relating to the investigation of reports of child abuse of the subject child by the father during the period of 1997-1999.” This court has not located any cases in which the Appellate Division, Second Department, has issued any decision contrary to the holdings of the foregoing cited appellate cases. The court further notes that at this time for purposes of this motion, namely, the issuance of a judicial subpoena, the court has no basis to determine that such material which is sought to be subpoenaed may not constitute relevant and material evidence to the issues raised in the petition.
Accordingly, it is hereby ordered that the Orange County Department of Social Services shall forthwith comply with the judicial subpoena duces tecum issued by petitioner for records maintained by said agency in connection with its investigation and findings relative to the reports of child abuse against petitioner which were held to be unfounded.
The judicial subpoena duces tecum is being signed concomitantly with the issuance of this order.
In the second motion the petitioner seeks the court to direct respondent to issue an authorization or written consent to *588 Yahoo! to release records of the account allegedly held by respondent with Yahoo!. Petitioner’s attorney affirms that Yahoo! has requested such authorization in conjunction with Yahoo! complying with petitioner’s judicial subpoena duces tecum which seeks records relating to such account. The authorization is a document entitled “Consent to Search and Account Verification.” Specifically, the judicial subpoena duces tecum issued by petitioner’s attorney to Yahoo! seeks information from Yahoo! to ascertain the identity of the person who holds the account and Internet e-mail addresses (identified in the subpoena) associated with the account as well as the content of e-mails sent from such account to petitioner’s Internet e-mail account/ address (identified in the subpoena) from June 1, 2008 to November 1, 2008. The attorney for petitioner affirms that Yahoo! responded to the subpoena by indicating that it required the aforementioned authorization “to process the subpoena.” Petitioner’s attorney affirms he wrote to respondent’s attorney on December 12, 2008 requesting that respondent execute the authorization and return it to petitioner’s attorney. When the authorization was not returned, petitioner’s attorney affirms he followed up with several phone calls, letters, and faxes to respondent’s attorney, which were not answered. Petitioner further seeks in the motion, citing CPLR 3126 (1) and (2), that if respondent does not execute the authorization that for purposes of trial in this proceeding it be deemed that the e-mail attached to the motion papers, exhibit B, was sent from respondent to petitioner.
Respondent’s attorney opposes the application stating, among other things, that petitioner has not shown that she has otherwise sought to obtain the information from other sources, that the authorization is a means by which petitioner is “saving herself the trouble from having to prove that this is the respondent’s [e-mail] account,” that if it is proved the e-mails were sent from respondent’s Internet account that does not prove that respondent sent them, that the authorization provided by Yahoo! is overbroad permitting the release of information which is not material and relevant to the proceeding, and that there has been no prior court order for disclosure or issuance of the authorization for which a sanction, such as deeming for purposes of trial that respondent sent the e-mail, may properly be issued pursuant to CPLR 3126.
The purpose of a judicial subpoena, including one issued by an attorney in an action or proceeding pending before a court, *589 is to adduce specific documents at trial which are relevant and material to facts at issue in a pending judicial proceeding (Matter of Reuters Ltd. v Dow Jones Telerate, 231 AD2d 337, 340-341 [1997]; Matter of Constantine v Leto, 157 AD2d 376, 378 [1990], affd on op below 77 NY2d 975 [1991]). The ability to compel the production of evidence is “essential to the very existence of a court of justice in any civilized community” (Matter of Reuters Ltd. v Dow Jones Telerate, 231 AD2d 337, 340 [1997], citing Matter of Johnson [Makames], 238 App Div 534, 536 [1933]). A trial procedure is supposed to be a serious search for the truth (Dwyer v Nicholson, 193 AD2d 70, 77 [1993]). A judicial subpoena will be upheld unless it is demonstrated that the documents sought are utterly irrelevant to the inquiry or it is otherwise improper (General Elec. Co. v Rabin, 184 AD2d 391 [1992]). The CPLR currently provides specifically for the issuance of authorizations by a party for medical records to assist in pretrial disclosure in preparation for trial (see CPLR 3121; see also 22 NYCRR 202.17). The CPLR does not expressly provide for authorizations to obtain Internet, computer, or e-mail records. However, the purpose of pretrial disclosure is to permit parties to discover material and necessary evidence for ultimate use at trial (Weber v Ryder TRS, Inc., 49 AD3d 865, 866 [2008], citing CPLR 3101 [a]; Allen v Crowell-Collier Publ. Co., 21 NY2d 403 [1968]). A judicial subpoena duces tecum, if needed, compels production of such evidence at the actual trial. Case law has upheld compelling parties to disclose records, including e-mails, in connection with litigation if that may result in producing relevant and material evidence for use at trial in the absence of a demonstration that prejudice or violation of some other right such as the attorney-client privilege will result (First Am. Commercial Bancorp, Inc. v Saatchi & Saatchi Rowland, Inc., 56 AD3d 1137 [2008]; Samide v Roman Catholic Diocese of Brooklyn, 5 AD3d 463 [2004]; Cahill v Aqua Culture Tech. Corp., 291 AD2d 424 [2002]). In Arons v Jutkowitz (9 NY3d 393 [2007]) the Court of Appeals approved compelling plaintiffs to issue authorizations to enable defense counsel to informally interview treating physicians noting that article 31 of the CPLR (pretrial disclosure) and part 202 of the Uniform Rules for Trial Courts neither expressly forbid nor permit such interviews as part of pretrial disclosure procedures. Thus, the Court of Appeals approved the issuing of an authorization for a purpose not precisely set forth in the CPLR but to aid in the ultimate discovery of relevant and material evidence for use at trial. *590 While the specific issue before the court on this motion is not pretrial disclosure but the actual production of records at trial, and no explanation is before the court why Yahoo! feels it requires the authorization in addition to having been served with a judicial subpoena duces tecum, the underlying policy considerations in requiring a party to execute an authorization which will assist or enable compliance with a judicial subpoena duces tecum so that relevant and material evidence is produced at trial are present and controlling (Matter of Reuters Ltd. v Dow Jones Telerate, 231 AD2d 337, 340-341 [1997]; Allen v Crowell-Collier Publ. Co., 21 NY2d 403 [1968]). There is no demonstration of legal prejudice, or that it is unreasonable or burdensome to respondent to be required to execute such authorization. In aid of the policy of compelling the production of evidence at trial, respondent shall be required to execute a proper authorization consistent with this order to assist in compliance with the judicial subpoena duces tecum issued by petitioner (Matter of Reuters Ltd. v Dow Jones Telerate, 231 AD2d 337, 340-341 [1997]).
Addressing respondent’s reasons for opposing the motion, there is nothing improper in petitioner seeking to prove by subpoenaing Yahoo!’s records that respondent is the owner or titled user of the Yahoo! account through which it is alleged the e-mails were sent. It is noted no affidavit has been submitted by respondent in which he denies that he is the account holder. There is no special rule of confidentiality attaching to such records, such as with respect to tax returns, which generally require a showing that relevant information is not obtainable from another source before disclosure of tax returns will be ordered (Pugliese v Mondello, 57 AD3d 637, 640 [2d Dept 2008], citing Latture v Smith, 304 AD2d 534, 536 [2003]). If it is demonstrated that the account or addresses belong to respondent and he asserts someone else sent the e-mails, that will be an issue to be resolved by the court based on the evidence adduced at the trial. There is, however, merit to the branch of respondent’s opposition concerning the breadth of the authorization. The first paragraph of the authorization grants consent by respondent for petitioner’s attorney to receive from Yahoo! access to all information about the account including contents of all communications and on-line activities of respondent not limited to the e-mails raised in this proceeding. Petitioner is not entitled to subpoena to trial respondent’s personal information and records which are not material and relevant to the issues raised in *591 the proceeding. To appropriately limit the breadth of the authorization, the language in the first paragraph of the authorization to be executed by respondent, which follows the words “I hereby grant my consent to authorize the following law firm . . . to receive, review, copy, and,” should read:
“otherwise obtain access to all information of any kind held by Yahoo! relating to my account limited to information about my identity and the contents of all e-mails transmitted or sent between my account and the petitioner’s [insert name] e-mail address [insert address] for the period June 1, 2008 through November 1, 2008.”
The second paragraph of the authorization appears to be properly limited, as was the actual judicial subpoena duces tecum issued by petitioner to Yahoo!, to furnishing information about the identity of the Yahoo! account holder and contents of e-mails sent between such account and petitioner’s e-mail address during the time period indicated.
As noted, respondent contends the court may not properly issue a sanction order, pursuant to CPLR 3126 (1) and (2), as no prior order for issuance of an authorization by respondent was made and violated. Furthermore, respondent had the right to refuse to execute the authorization, as presented, until the breadth of the authorization was reduced. On the other hand, the motion papers demonstrate that petitioner’s attorney made several efforts from December 5, 2008 to communicate with respondent’s attorney about the authorization. Respondent’s attorney did not respond, and made no effort to resolve the issue. This case is scheduled for trial on March 2, 2009. If respondent fails to execute and return the authorization to petitioner as herein ordered the court will entertain any appropriate application at the trial including an application deeming that the e-mail attached as exhibit B to petitioner’s motion papers was sent to petitioner’s e-mail address, in the form presented, from a Yahoo! account assigned to and maintained by respondent with Yahoo!.
Accordingly, it is hereby ordered that within 10 days of the date of this order, which is being mailed to all parties, petitioner may submit an authorization to respondent consistent with this order; and it is further ordered that within 20 days of the date of this order respondent shall execute such authorization and return same to petitioner; and it is further *592 ordered that should respondent fail to comply with this order, further application may be made to the trial court as indicated by this order. This order is without prejudice to such other remedies at law as may exist for petitioner to enforce the judicial subpoena duces tecum.