# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1154**
**CAF 10-01612**
PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, SCONIERS, AND GREEN, JJ.

---

IN THE MATTER OF JON WARD,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TRACY WARD, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

LOVALLO & WILLIAMS, BUFFALO (TIMOTHY R. LOVALLO OF COUNSEL), FOR
RESPONDENT-APPELLANT.

NANCY J. BIZUB, ATTORNEY FOR THE CHILD, BUFFALO, FOR SAMANTHA W.

---------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Sharon M.
LoVallo, A.J.), entered June 29, 2010 in a proceeding pursuant to
Family Court Act article 6. The order, among other things, awarded
petitioner sole custody of the subject child.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In appeal No. 1, respondent mother appeals from an
order awarding sole custody of the parties' daughter to petitioner
father, with supervised visitation to the mother, in a proceeding
pursuant to Family Court Act article 6. In appeal No. 2, the mother
appeals from an order denying her motion to reopen and reschedule a
"mediated conference" that was held by Family Court after the custody
hearing. The purpose of the conference was for the parties to reach
an agreement with respect to the mother's visitation rights. When the
mother failed to appear, however, the court thereafter entered the
order in appeal No. 1, which provided for supervised visitation to the
mother.

We note at the outset that, contrary to the mother's contention,
the court did not err in transferring temporary custody of the
parties' daughter to the father prior to the custody hearing inasmuch
as the father demonstrated the necessary exigent circumstances
warranting the temporary transfer (*see Matter of Acquard v Acquard*,
244 AD2d 1010). In any event, even assuming, arguendo, that the court
erred in transferring temporary custody to the father, we conclude
that reversal of the order in appeal No. 1 is not required because the
court "subsequently conducted the requisite evidentiary hearing, and
the record of that hearing fully supports the court's determination
following the hearing" (*Matter of Humberstone v Wheaton*, 21 AD3d 1416,

1418; *see Matter of Darryl B.W. v Sharon M.W.*, 49 AD3d 1246).

We likewise affirm the order in appeal No. 2, because the record of the custody hearing establishes that the court's decision concerning visitation to the mother was based entirely on evidence presented at the custody hearing, at which the mother appeared with counsel and participated.  When the mother failed to appear at the "mediated conference" scheduled by the court in appeal No. 2 to enable the parties to mediate the mother's visitation schedule, the court did not hear or consider any new evidence and instead based its visitation decision on the record of the prior custody hearing in appeal No. 1. In any event, we note that the mother's motion in appeal No. 2 purportedly was based on CPLR 5015, yet the mother failed to offer a reasonable excuse for her default in appearing at the "mediated conference."  Thus, it cannot be said that the court abused its discretion in denying the mother's motion in appeal No. 2 (*cf. Matter of Troy D.B. v Jefferson County Dept. of Social Servs.*, 42 AD3d 964).

Entered:  November 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court